### Cal Cooper v. The State.

#### No. 1899. Decided June 12, 1912.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence was conflicting but sufficient to sustain the conviction, there was no error.

**2.—Same—Bills of Exception.**

Where the bills of exceptions did not point out the objections to the testimony they can not be considered on appeal.

**3.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bill of exceptions to the argument of counsel did not point out the error, there was no reversible error; besides the question as to what the witnesses said was left to the jury.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of theft; penalty, a fine of $25, and thirty days confinement in the county jail.

The opinion states the case.

*Ross Duran* and *H. W. Nelson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of the theft of two buggy wheels worth $2.50 each, the property of Jane Johnson, and his penalty fixed at a fine of $25 and thirty days in jail.

The only ground urged by appellant in his brief, is that the evidence is insufficient to sustain the verdict.

We have carefully gone over and considered it and in our opinion it is amply sufficient to sustain the verdict. The witnesses were before the court and jury, saw and heard by them; they believed the State's

witnesses and disbelieved the appellant's. The appellant's testimony would have been sufficient to have secured his acquittal if the jury had believed it. The jury and the court below are the exclusive judges of the evidence and where there is such a conflict as is shown in this case, this court is not authorized and will not disturb the verdict of the jury.

It is unnecessary to give any detail statement of the testimony. However, we will briefly give such of it from which the jury was clearly authorized to find the defendant guilty.

Jane Johnson testified that she owned a buggy on April 4, 1911, and had it standing out in front of her house. During that night the two hind wheels were taken from the buggy and carried off. She discovered this early the next morning. She soon afterwards investigated, tracked the person away from the buggy out through a patch near her house and around her fence in a trail to the public road. It was a man's tracks and there was but one man; she traced this track clear from her house to the appellant's, and from time to time, in tracing the man's tracks, she would see where the wheels had been set down on the ground. Just as she got to appellant's house she saw appellant ride off in a buggy and she also saw some old boxing that had come out of a wheel, and the remains of a fire or light and some other pieces of a buggy wheel. She thereupon went to the justice of the peace and sued out a search warrant. The constable went with her to appellant's house later in the day and then found appellant's buggy in front of his house with no hind wheels on it. The constable asked the appellant if he had any hind wheels to his buggy and he said he had some which he had made. He then went into the loft of a little shelter in the yard and brought them out. She then examined them and identified them as her wheels, taken off her buggy the night before, positively, repeatedly and clearly. That her wheels had been painted black but the black had been scraped off down to near the hub where they could not be scraped and the black paint was still on them at those places. They corresponded in every respect to the front wheels of her buggy. The boxing in them, however, had been changed and the taps had been taken off of them and she could not use them. The tire had been taken off of one of the wheels; it would not go on her buggy because it had been changed.

Sutlive, the constable who executed the search warrant and found these wheels, testified corroborating Jane Johnson about what was said, done and found when he executed the search warrant. He further testified that when the appellant produced the wheels from where he had placed them or hid them, he carried the wheels to appellant's buggy and found them much heavier than the two front wheels on his buggy and that these wheels had been freshly scraped and down between the spokes, near the hubs, there was black paint. He then carried these wheels and compared them with the two front wheels on Jane

Vol. LXVII Crim.—7.

Johnson's buggy and found that all the wheels corresponded in every particular. That one of the felloes on one of these wheels had been freshly hewn down and one of the tires was smaller than the other on Jane Johnson's buggy, but the other was the same size as the tires on Jane Johnson's buggy. He turned the two wheels over to Jane Johnson.

Appellant has several bills of exception. Each of them is very meager. They merely object to certain brief statements by witnesses made in testifying before the jury. No grounds of objection are stated to any of this, merely that he objected and excepted. One of them is explained by the judge in allowing it which explanation clearly shows that in no contingency was the evidence improperly admitted.

By another bill he complains of some argument of the county attorney. As explained by the court it merely shows that the county attorney was arguing to the jury what one of the witnesses had testified. The appellant objected to this, claiming that the witness had not so testified. The court left it to the jury to determine. If we could look to the statement of facts it would show that the witness had testified as claimed by the county attorney. The bill, neither of itself, nor especially as qualified by the court, shows any error whatever.

The judgment will be affirmed.

*Affirmed.*